IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RICHARD LEE H.,**[1]　　　　　　　　　　　6:18-cv-02144-BR

　　　　Plaintiff,　　　　　　　　　　　OPINION AND ORDER

v.

**Commissioner, Social
Security Administration,**

　　　　Defendant.

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

　　　Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

  Attorneys for Defendant

**BROWN, Senior Judge.**

  Plaintiff Richard Lee H. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

  For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

  Plaintiff filed an application for DIB on March 31, 2015, alleging a disability onset date of May 13, 2012. Tr. 220.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 14, 2017. Tr. 35-74. At the hearing Plaintiff amended his

---

  [1] Citations to the official transcript of record filed by the Commissioner on May 29, 2019, are referred to as "Tr."

disability onset date to January 24, 2015.  Tr. 39.  Plaintiff was represented at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on December 1, 2017, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-34.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on October 11, 2018, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on June 8, 1971, and was 46 years old at the time of the hearing.  Tr. 220.  Plaintiff completed high school.  Tr. 41.  Plaintiff has past relevant work experience as an auto-body helper and transportation equipment/autobody painter.  Tr. 28.

Plaintiff alleges disability due to a "pinched nerve at C6-C7," chronic nerve damage, "right arm problems," and "breathing problems."  Tr. 113.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19-20, 26-28.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

5 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 24, 2015, alleged onset date. Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of morbid obesity, "multilevel cervical degenerative

7 - OPINION AND ORDER

disc disease with uncovertebral joint hypertrophy at C6-7," a "history of right shoulder strain," chronic pain syndrome, and "mild multilevel lumbar degenerative disc disease."  Tr. 19.  The ALJ found Plaintiff's mental impairments of "a history of depression - opioid dependence, and cannabis dependence" are nonsevere.  Tr. 21.  The ALJ found Plaintiff's physical issues of "migraine headaches, hypertension, hyperlipodemia, opioid dependence, cannabis dependence, and history of depression" are not impairments.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 22.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  Plaintiff can sit for six hours in an eight-hour workday; can stand and/or walk for six hours in an eight-hour workday; can frequently lift and/or carry 10 pounds; can occasionally balance, stoop, kneel, crouch, crawl, reach overhead with his right upper extremity, lift and/or carry 20 pounds, and climb ramps, stairs, ropes, or scaffolds; and can never perform work that has "exposure to workplace hazards, such as working around hazardous machinery or unprotected heights."  Tr. 23-24.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work.  Tr. 28.

At Step Five the ALJ found Plaintiff can perform other work that exists in the national economy. Accordingly, the ALJ concluded Plaintiff is not disabled. Tr. 29.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly partially rejected the opinion of treating physician Travis Buzzard, M.D., and (2) failed to include all of Plaintiff's limitations in his evaluation of Plaintiff's ability to perform work.

### I. The ALJ did not err when he partially rejected Dr. Buzzard's opinion.

Plaintiff asserts the ALJ erred when he partially rejected the opinion of Dr. Buzzard, Plaintiff's treating physician.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

9 - OPINION AND ORDER

On August 17, 2017, Dr. Buzzard completed a disability form in which he opined Plaintiff can lift and/or carry less than 10 pounds frequently; lift and/or carry 10 pounds occasionally; can stand and/or walk three hours in an eight-hour workday; can sit six hours in an eight-hour workday; can occasionally balance, stoop, kneel, crouch, reach overhead, and reach at shoulder height; and can never crawl or climb. Tr. 1114-15. Dr. Buzzard stated Plaintiff needed a cane to ambulate "all of the time." Tr. 1115. Dr. Buzzard estimated "the percentage of a standard workweek . . . that [Plaintiff's] attention and concentration would be impaired to such a degree that he could not be expected to perform even simple work tasks" was "negligible." Tr. 1116. Nevertheless, Dr. Buzzard stated he would "expect [Plaintiff] to miss 16 hours . . . or more per month from even a simple, routine job because of his impairments, symptoms, or medications and their side effects." Tr. 1116. Specifically, Dr. Buzzard noted Plaintiff's "significant pain flair[s] would require time off." Tr. 1116.

The ALJ noted the various limitations set out by Dr. Buzzard including his opinion that Plaintiff's "subjective pain flares would result in absences for at least two or more workdays per month." Tr. 27. The ALJ found Dr. Buzzard's

> opinions regarding [Plaintiff's] sedentary
> exertional level, standing and walking
> limitations, sitting at one time limitations,
> frequent fine or gross manipulations, and reaching

10 - OPINION AND ORDER

> at shoulder height are not consistent with or
> supported by the longitudinal evidence of record,
> including Dr. Buzzard's own examination notes,
> and are given little weight. . . .  However,
> Dr. Buzzard's remaining opinions are consistent
> with and supported by the longitudinal record,
> including the evidence received at the hearing
> level.

Tr. 27. The ALJ noted Dr. Buzzard saw Plaintiff "on only three to six month[] intervals" from January 2015 through August 2017 for a total of only seven visits before Dr. Buzzard offered his opinion. *See* 20 C.F.R. § 404.1527(c)(2)(i)("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

The ALJ also noted examining physician Derek Leinenbach stated in October 2015 that Plaintiff was able to walk and to get on and off the examination table without assistance. Tr. 961. Dr. Leinenbach noted Plaintiff "takes slow and deliberate steps, which seem exaggerated and out of proportion to his exam. Tandem gait is steady. [Plaintiff] can walk on heels and toes . . . [and] squat without assistance." Tr. 961. Ultimately, Dr. Leinenbach concluded Plaintiff can stand, walk, and sit "without limitation"; can lift/carry 20 pounds occasionally and 10 pounds frequently"; cannot crawl or climb ladders or scaffolding; and can reach occasionally with his right upper extremity. Tr. 962.

In addition, an August 2016 MRI of Plaintiff's cervical

spine showed there were not any abnormalities at C2-C3 or C7-T1, a "minimal generalized disc bulge" without root compromise at C4-C5, a "generalized disc bulge" with "moderate foraminal narrowing without definite nerve root compromise" at C5-C6, and a "mild generalized disc bulge" that "causes severe bilateral foraminal narrowing and probable nerve root compromise" at C6-C7. An August 2016 x-ray of Plaintiff's lumbar spine showed degenerative disc disease "is present and is worse at the level of L2-L3." Tr. 1026. A December 2016 x-ray of Plaintiff's lumbar spine reflected "mild degenerative disc disease at L2-3, L3-4, and L4-5 with anterior osteophytes and minimal decreased vertical height of the intervertebral disc." Tr. 1027.

On this record the Court concludes the ALJ did not err when he partially rejected Dr. Buzzard's opinion because the ALJ provided specific and legitimate reasons for doing so based on substantial evidence in the record.

**II. The ALJ erred when he failed to include all of Plaintiff's limitations in his evaluation of Plaintiff's ability to perform work.**

Plaintiff asserts the ALE erred when he failed to include all of Plaintiff's limitations in his evaluation of Plaintiff's ability to perform work. Specifically, Plaintiff asserts the ALJ erred when he failed to consider Dr. Buzzard's opinion that Plaintiff would miss more than two days of work per month due to his impairments.

12 - OPINION AND ORDER

As noted, Dr. Buzzard concluded, among other things, that he would "expect [Plaintiff] to miss 16 hours . . . or more per month from even a simple, routine job because of his impairments, symptoms, or medications and their side effects."  Tr. 1116.

Although the ALJ specifically noted the various limitations set out by Dr. Buzzard, including his opinion that Plaintiff's "subjective pain flares would result in absences for at least two or more workdays per month," the ALJ also found Dr. Buzzard's

> opinions regarding [Plaintiff's] sedentary exertional level, standing and walking limitations, sitting at one time limitations, frequent fine or gross manipulations, and reaching at shoulder height are not consistent with or supported by the longitudinal evidence of record, including Dr. Buzzard's own examination notes, and are given little weight. . . .  However, Dr. Buzzard's *remaining opinions* are consistent with and supported by the longitudinal record, including the evidence received at the hearing level. . . . [and] *are given great weight*."

Tr. 27 (emphasis added).  One of Dr. Buzzard's "remaining opinions" was that Defendant would be absent from work two or more days per month.  At the hearing the VE testified an individual who missed 16 hours of work per month could not maintain employment.  Tr. 73.

As noted, Plaintiff asserts the ALJ erred when he credited Dr. Buzzard's opinion regarding Plaintiff missing work and, nevertheless, concluded Plaintiff could perform work that exists in the national economy.  Defendant, in turn, asserts the Court may infer the ALJ rejected Dr. Buzzard's opinion as to Plaintiff

13 - OPINION AND ORDER

missing two work days per month.  The ALJ, however, specifically referred to the part of Dr. Buzzard's opinion in which he stated Plaintiff would miss two or more work days per month; the ALJ specifically pointed out that he adopted the "remaining" portions of Dr. Buzzard's opinion, which included the missing work days; and the ALJ specifically enumerated those portions of Dr. Buzzard's opinion that he rejected.  Thus, the Court cannot reconcile the ALJ's adoption of the "missing work-day" part of Dr. Buzzard's opinion with the VE's testimony and the ALJ's ultimate conclusion that Plaintiff can perform other work in the national economy.

Accordingly, the Court concludes the ALJ erred to the extent that he adopted Dr. Buzzard's opinion that Plaintiff would miss two or more work days per month and still concluded Plaintiff could perform other work that exists in the national economy.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary because it is unclear from this record whether the ALJ intended to adopt Dr. Buzzard's opinion regarding Plaintiff missing two or more work days per month or whether the ALJ concluded Plaintiff could perform work that exists in the national economy in spite of missing two or more work days per month.  Thus, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to resolve the ambiguity in his decision.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 9th day of December, 2019.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge